UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|                                        |   |                              |
|----------------------------------------|---|------------------------------|
| STEPHEN STONE,                         | ) |                              |
|         Plaintiff,                     | ) |                              |
|         v.                             | ) | Civil Action No. 18-10012-LTS |
| MASSACHUSETTS TRIAL COURTS, et al.,    | ) |                              |
|         Defendants.                    | ) |                              |

MEMORANDUM AND ORDER

May 11, 2018

SOROKIN, D.J.

For the reasons stated below, the Court orders that this action be dismissed without prejudice.

**I.  Background**

Pro se litigant Stephen Stone, who is a pretrial detainee currently confined at the Dedham County House of Correction, has filed an action against the Massachusetts Trial Courts and Tony Navarro, the Chief Court Officer of the Malden District Court. In his amended complaint (#10),[1] Stone alleges that, since August of 2015, he has been subject to excessive bail. His confinement at county jails during this time has exacerbated his mental health problems and deprived him of necessary medical treatment.

Stone also avers that, on November 19, 2016, he was denied access to Malden District Court by Chief Court Officer Tony Navarro because Stone had "too much legal paperwork." Amend. Compl. ¶15. Navarro set another date for the proceeding. Stone became angry and spit

---

[1] For purposes of this memorandum and order, the Court treats Stone's non-conclusory factual allegations as true.

on Navarro. He was restrained and placed in the Worcester County Sheriff's Office van. While be transported back to the jail, he tried to kill himself. Upon arrival at the jail, he was found barely conscious and was coughing up blood and required treatment at an emergency room.

Stone made at least one other suicide attempt while being transported from court, leading Judge Conners, sitting in the Norfolk Superior Court, to order that he only be allowed to attend proceedings in his criminal case by video conference, not in person. Not being permitted to attend court proceedings in person has been mentally excruciating, leading Stone to engage in further self-harm.

Stone brings this action against the Massachusetts Trial Courts and Navarro. His claims for relief are set forth under three different headings: "Excessive Bail," "ADA Violations," and "Constitutional Rights Violation." *Id.* ¶¶ 22-26 (spelling standardized). With regard to the "ADA Violations," Stone maintains that Judge Connors violated Title II of the Americans with Disabilities at by requiring him to attend proceedings by video conference. Stone claims that this constituted discrimination based his mental disabilities, including social impairment. Under the heading "Constitutional Rights Violation," Stone claims that being prohibited from attending hearings in person violated his rights to effective assistance of counsel and due process. He also alleges that Navarro's refusal to allow him to attend proceeding in Malden District Court on October 19, 2016 violated Stone's constitutional rights.

In his prayer for relief, Stone asks that the Court declare the aforesaid conduct to be unlawful. He also seeks monetary damages.

## II.    Review of the Complaint

Under 28 U.S.C. § 1915A, prisoner complaints in civil actions that seek redress from a governmental entity or officers or employees of a governmental entity are subject to a preliminary screening. This statute authorizes the Court to dismiss a complaint <u>sua sponte</u> if the

claims therein are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b). Further, a court has an obligation to inquire sua sponte into its own subject matter jurisdiction. See McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004). In conducting this review, the Court liberally construes the complaint because the plaintiff is proceeding pro se. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

### A. Abstention

"[F]ederal courts have long recognized 'the fundamental policy against federal interference with state criminal proceedings.'" In re Justices of Super. Ct. Dep't of Mass. Trial Ct., 218 F.3d 11, 16 (1st Cir. 2000) (quoting Younger v. Harris, 401 U.S. 37, 46 (1971)). Congress has repeatedly expressed the principle that "the state courts be allowed to conduct state proceedings free from interference by the federal courts." Id. at 16. This protocol against "federal interference with state judicial proceedings is premised on 'a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways.'" Id. (quoting Younger, 401 U.S. at 44).

Under the principles of Younger abstention, federal courts "abstain from interfering with state court proceedings even where defendants claim violations of important federal rights," In re Justices, 218 F.3d at 17, as long as the "federal claims" can be "raised and resolved somewhere in the state process" Maymó-Meléndez v. Álvarez-Ramírez, 364 F.3d 27, 36 (1st Cir. 2004) (emphasis added). The principles of comity and abstention also apply to habeas proceedings. With few exceptions not relevant here, "the federal courts have routinely rejected petitions for

pretrial habeas relief raising any variety of claims and issues." In re Justices, 218 F.3d 11, 18 (footnote omitted).

Here, the Court would needlessly interfere in a pending state criminal proceeding if it were to address the merits of Stone's claims concerning the state court's order that he participate in criminal pretrial proceedings by video conference and his challenge to the bail requirement. . The Court has no reason to believe that Stone does not have an opportunity to raise all pertinent issues within the state court system, even if they are not resolved in the manner he wishes. Bail decisions can be appealed to the Superior Court, see M.G.L. ch. 276, §§ 57, 58, further may review may be sought from a Single Justice under M.G.L. ch. 211, § 3, and thereafter from the Supreme Judicial Court. See, e.g., Brangan v. Commonwealth, 477 Mass. 691 (2017) (holding defendant's bail hearing did not meet constitutional requirements and ordering the Superior Court judge to conduct a new bail hearing).[2] Further, Stone's counsel has advocated in Court for his client to be able to attend pretrial proceedings in person.[3] See Gonzalez v. Waterfront Com'n of N.Y. Harbor, 755 F.3d 176 (holding that Younger abstention was appropriate where plaintiff

---

[2] In Brangan, the court articulated three due process requirements for a bail order: (1) "a judge may not consider a defendant's alleged dangerousness in setting the amount of bail, although a defendant's dangerousness may be considered as a factor in setting other conditions of release"; (2) "where, based on a defendant's credible representations and any other evidence before the judge, it appears that the defendant lacks the financial resources to post the amount of bail set by the judge, such that it will likely result in the defendant's long-term pretrial detention, the judge must provide findings of fact and a statement of reasons for the bail decision, either in writing or orally on the record"; and (3) "when a bail order comes before a judge for reconsideration or review and a defendant has been detained due to his inability to post bail, the judge must consider the length of the defendant's pretrial detention and the equities of the case." Brangan, 477 Mass. at 706-09.

[3] Stone attached to his motion for appointment of counsel his criminal defense attorney's opposition to the Court's order that Stone attend a hearing by video conference rather than be permitted to appear in person (#5-1). Counsel argued that, due to Stone's serious mental health issues, counsel needs to have face-to-face contact with Stone during any court proceeding to determine if Stone is sufficiently understanding the proceeding.

alleged that state quasi-criminal proceeding against him violated his rights under the ADA because, inter alia, plaintiff could raise the claim in the state proceeding).

### B. Excessive Bail

There are very narrow and unique circumstances in which a pretrial claim concerning the state court's bail proceedings is not subject to Younger abstention. See, e.g., Arevalo v. Hennessy, 882 F.3d 763, 766-67 (9th Cir. 2018) (holding that Younger abstention was inappropriate where adjudication of claim concerning bail proceeding would not disrupt criminal prosecution). Without suggesting that Stone's claim of excessive bail fits into this exception, the Court addresses another impediment to prosecuting this claim.

The Eighth Amendment of the United States Constitution provides, "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. The purpose of "requiring a bail bond or the deposit of a sum of money subject to forfeiture" is to provide "additional assurance of the presence of an accused." Stack v. Boyle, 342 U.S. 1, 5 (1951). "Bail set at a figure higher than an amount reasonably calculated to fulfill this purpose is 'excessive' under the Eighth Amendment." Id.

Where a state pretrial detainee challenges seeks federal review of his custody, including bail requirements, he must seek relief through a petition for a writ of habeas corpus rather than through a civil rights action, a proceeding in which damages are not available. "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973); see also Muhammad v. Close, 540 U.S. 749, 750 (2004) (per curiam) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be

presented in a [non-habeas action].") (citation omitted)). This is true even where a litigant seeks damages. See Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005).

Here, Stone's claim for "Excessive Bail" must be brought as a petition for a writ of habeas corpus, even though he seeks damages rather than release. Even if the Court were to construe Stone's complaint as a habeas petition for purposes of the Excessive Bail claim, it would not be able to grant relief. A state pretrial detainee must exhaust his state court remedies before seeking habeas relief in federal court, see Braden v. 385th Judicial Cir. Ct. of Ky., 410 U.S. 484, (1973), and Stone does not suggest that he has done so.

### C. Claim against Officer Navarro

Stone's allegation that Navarro denied him access to the Malden District Court on one occasion because he had "too much legal paperwork" fails to state a claim upon which relief may be granted. The Court credits Stone's allegations that the incident was very upsetting to him and triggered events that escalated to his suicide attempt. He has, however, failed to identify any manner in which the incident objectively prejudiced him. Navarro set a new date for the proceeding and Stone does not indicate that he was prejudiced by the change of schedule. See Lewis v. Casey, 518 U.S. 343, 351 (1996) (claim for right of access to the courts includes an "actual injury" requirement). The Court will therefore dismiss this claim without prejudice.

### D. Conditions of Confinement

The Court notes that Stone has complained about the lack of proper medical care he has received as a pretrial detainee. It does not appear that Stone is attempting to bring claims against the persons who provide or oversee the medical care in the facilities where he has been detained.

The Court takes no position with regard to Stone pursuing such claims. Should he choose to bring an action in which he asserts that the medical care he has received does not meet constitutional standards, he must name as defendants the individuals who directly involved the

6

alleged misconduct.  A claim against a state official for the deprivation of a federal right may be brought under 42 U.S.C. § 1983, which provides that any "person," acting under the color of state law, who "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured."  42 U.S.C. § 1983.  "It is well-established that 'only those individuals who participated in the conduct that deprived the plaintiff of his rights can be held liable.'"  Velez-Rivera v. Agosto-Alicea, 437 F.3d 146, 156 (1st Cir. 2006) (quoting Cepero-Rivera v. Fagundo, 414 F.3d 124, 129 (1st Cir. 2005)).  Moreover, a state (including its agencies and departments) is not a "person" within the meaning of 42 U.S.C. § 1983.  See Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989).

### III.  Conclusion

Accordingly, this action is DISMISSED WITHOUT PREJUDICE.  All pending motions shall be terminated as moot.  No filing fee is due.

SO ORDERED.

/s Leo T. Sorokin
UNITED STATES DISTRICT JUDGE